UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LAVONTE M. COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-161 |
| | ) | |
| CITY OF FORT WAYNE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Lavonte M. Cooper filed a motion for leave to file a second amended complaint on January 11, 2007, seeking to add his mother, Sybrena Cooper, as a party plaintiff. (Docket # 20.) That same day, the Plaintiff filed a motion to appoint Sybrena Cooper as his guardian ad litem. (Docket # 18.) On February 7, 2007, this Court conducted a hearing, during which evidence was presented on the Plaintiff's motion to appoint a guardian ad litem and argument was heard on the motion to amend. (Docket # 29.) The Court took the motion to appoint a guardian ad litem under advisement. (Docket # 29.)

For the following reasons, the Plaintiff's motion for leave to file a second amended complaint will be DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On March 13, 2006, the Plaintiff filed a complaint in Allen Superior Court, suing the Defendants pursuant to 42 U.S.C. § 1983. (Compl. ¶ 2.) Specifically, the Plaintiff alleges that the Defendants conducted an unlawful search and seizure of his home and subjected him to excessive use of force in violation of the Fourth and Fourteenth Amendments of the United

States Constitution. (Compl. ¶ 2.) The Defendants subsequently removed this case to federal court on April 17, 2006. (Docket # 2.)

This Court held a preliminary pretrial conference on June 13, 2006, establishing a deadline of June 27, 2006, for the Plaintiff to join additional parties and amend the pleadings. (Docket # 10; Report of Parties' Planning Meeting ¶ 4.) Nevertheless, on January 11, 2007, the Plaintiff filed the current motion to amend his complaint, maintaining that Sybrena Cooper is a real party in interest because "she owned most (if not all) of the personal belongings and other personal property that was allegedly taken" during the search of Plaintiff's home and that allegedly is still being held by the Defendants.[1] (Pl.'s Mot. to File Second Am. Compl. ¶ 2.) Sybrena Cooper seeks to assert her claims under 42 U.S.C. § 1983, alleging that the Defendants violated her rights under the Fourth and Fourteenth Amendments.

## II. STANDARD ON MOTION TO AMEND PLEADINGS

A party may amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, it may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given when justice so requires. *Id.* However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility. *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Moreover, the requirements of Rule 15 must be read in conjunction with the requirements

---

[1] Sybrena Cooper was living across the street from the home of Lavonte Cooper at the time of the incident, but apparently she contends that some of the furnishings in Lavonte's home were hers.

2

of Rule 16, because "[o]nce the district court [has] filed a pretrial scheduling order pursuant to [Rule] 16 which establish[es] a time table for amending pleadings that rule's standards [control]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992); *Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *3 (N.D. Ill. Oct. 30, 2002); *Tschantz v. McCann*, 160 F.R.D. 568, 570-71 (N.D. Ind. 1995). Rule 16 provides in part:

> (b) [The district court] . . . shall, after receiving the report from the parties under Rule 26(f)[,] . . . enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings; (2) to file and hear motions; and (3) to complete discovery . . . . A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

Fed. R. Civ. P. 16(b). Thus, a party seeking to amend a pleading after the date specified in a scheduling order must first show "good cause" for the amendment under Rule 16(b); then, if good cause is shown, the party must demonstrate that the amendment is proper under Rule 15. *Tschantz*, 160 F.R.D. at 571. "A court's evaluation of good cause is not co-extensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id.* (quoting *Johnson*, 975 F.2d at 609). Rather, the good cause standard focuses on the diligence of the party seeking the amendment. *Id.* In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Id.*

Moreover, when one party seeks to add additional parties, "the amendment will not be permitted simply because the requirements of Rule 15 have been met. In addition, the applicable joinder rules must be satisfied."[2] Steven Baicker-McKee et al., *Federal Civil Rules Handbook*,

---

[2] The Plaintiff fails to argue whether Sybrena Cooper should be joined as a party pursuant to the standards governing compulsory joinder, *see* Federal Rule of Civil Procedure 19, or the standards governing permissive joinder, *see* Federal Rule of Civil Procedure 20(a). In any event, because the Plaintiff fails to establish good cause under Rule 16, the Court need not engage in further discussion regarding which joinder rule is applicable.

3

416 (2005) (citing *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001)); *see also Westell Techs., Inc. v. Hyperedge Corp.*, No. 02 C 3496, 2003 WL 22088039, at *1 (N.D. Ill. Sept. 8, 2003).

### III. DISCUSSION

Here, the Plaintiff fails to establish good cause for filing his motion more than six months after the deadline for amending the pleadings has passed. The Plaintiff essentially offers only one explanation for the delay–he was not aware until Sybrena Cooper's deposition, taken in October 2006, that she could be a real party in interest. However, the original complaint, which was filed almost one year ago, makes reference to the property at issue here, and Plaintiff's counsel makes no attempt to argue that despite his due diligence, he could not determine that Sybrena Cooper was the owner of this property as opposed to her son. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992))).

Furthermore, Sybrena Cooper's principal claim ostensibly relates to events occurring after the alleged search and seizure, more particularly, the alleged deprivation of her personal property without due process. There is some question regarding whether this claim is even cognizable considering the holding in *Parratt v. Taylor*, 451 U.S. 527 (1981). In that case, the Supreme Court found that when there are adequate state remedies for the deprivation of property, those state remedies "make it less likely that a § 1983 claim should survive." *Germano v. Winnebago County, Ill.*, 403 F.3d 926, 929 (7th Cir. 2005) (citing *Parratt*, 451 U.S. at 544). Here, as counsel conceded at the hearing, Sybrena Cooper is not bringing an Indiana tort claim

4

for the alleged damages to her property;[3] instead, she relies on the Due Process Clause of the Fourteenth Amendment as the source of her property rights, seemingly making her claim futile under Rule 15. *See Ind. Funeral Dir. Ins. Trust*, 347 F.3d at 655.

Moreover, the addition of Sybrena Cooper as a party plaintiff would be prejudicial to the Defendants. *See* Fed. R. Civ. P. 15; *Id.* at 655 (noting that prejudice is one factor the court may consider when denying leave to amend). Thus far, this is a straightforward § 1983 case that focuses on law enforcement's actions when conducting a search and seizure in the Plaintiff's home. On the other hand, if Sybrena Cooper's claims were to be added, a new round of discovery would be required, new party defendants may need to be added, and the dispositive motion deadline extended indefinitely along with the trial.[4] In contrast, as the case currently stands, all discovery has been completed in this case, the Defendants are prepared to file their motion for summary judgment, and it is not expected that the trial will need to be continued. Accordingly, prejudice to the Defendants if Sybrena Cooper were to be added as a plaintiff is clear.

Finally, as mentioned *supra*, footnote two, the Plaintiff fails to argue that any of the applicable joinder rules are satisfied here. Accordingly, joinder is inappropriate.

## IV. CONCLUSION

For the foregoing reasons, the Plaintiff's motion for leave to file a second amended complaint (Docket # 20) is DENIED. Furthermore, the Defendants' motion for an extension of

---

[3] Unlike Lavonte, Sybrena Cooper did not file a Tort Claim Notice and therefore, under Indiana law, any state law tort claim would be barred. Ind. Code. § 34-13-3-8.

[4] Indeed, the Defendants already received one extension of the dispositive motion deadline as a result of the Plaintiff's motion to amend. (Docket # 24.)

the dispositive motion deadline (Docket # 22) is GRANTED; accordingly, the Defendants will have to and including February 16, 2007, to file their dispositive motion.

    SO ORDERED.

    Enter for February 8, 2007.

                                                S/ Roger B. Cosbey
                                                Roger B. Cosbey,
                                                United States Magistrate Judge