UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SYBRENA COOPER, as Guardian ad Litem for LAVONTE M. COOPER, <br><br>　　　Plaintiff, <br><br>　　v. <br><br>CITY OF FORT WAYNE, et al., <br><br>　　　Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )　CAUSE NO.: 1:06-CV-161-TS <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

The Plaintiff sued individual police officers for excessive force and unlawful seizure, pursuant to 42 U.S.C. § 1983, and for committing the tort of battery. He also sued the City of Fort Wayne as the employer of the individual tortfeasors. On May 15, 2007, this Court granted the Defendants summary judgment on the Plaintiff's claim that the Defendants unlawfully seized his personal property during the execution of a search warrant. The Plaintiff now asks the Court to reconsider its ruling and requests that he be allowed to present his Fourteenth Amendment claim that the Defendants interfered with his rights when they seized cash and a moped and when other property was "essentially taken from him as a result of Defendants' actions in evicting the Plaintiff and boarding up his property." (DE 66 at 4.) He also moves for the return of property taken from his house, including the moped.

**DISCUSSION**

The Plaintiff's motion is made pursuant to Rule 54(b), which states that until a final judgment is entered, an order that does not adjudicate all of the claims of all of the parties is

"subject to revision at any time." Fed. R. Civ. P. 54(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

> A party seeking to defeat a motion for summary judgment is required to "wheel out all its artillery to defeat it." Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited. Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion.

*Id.* at 1270 (quoting *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency*, 846 F. Supp. 677, 685 (N.D. Ill. 1994)) (citations omitted). However, "[a] motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

Here, the Plaintiff's motion is not predicated on newly discovered evidence. He reargues, with more specificity, his claims regarding the seizure of a moped and cash, and asserts that he was constructively dispossessed of other items in the home when the Defendants evicted him. Therefore, he must proceed under the theory that the Court committed a manifest error of law or fact.

A.      The Pleadings and the Summary Judgment Proceedings

The Plaintiff's Amended Complaint references the Defendants' seizure of cash and a moped. (Pf. Amd. Compl. ¶ 6) (alleging that the Defendants confiscated $140 and a moped.) The Complaint alleges that the seizure was without a warrant or permission. (Pf. Amd. Compl. ¶ 8.) In support of their summary judgment motion, the Defendants argued that the seizure of the cash by narcotics detectives was pursuant to a valid search warrant for evidence of drug activity, including money used to purchase controlled substances. The Defendants submitted the affidavit of Narcotics Detective Hartup, who photographed and collected the items that were seized from the residence. The Defendants maintained that the moped was seized because none of the occupants of the home claimed ownership of it. The Defendants also submitted the affidavit of Theresa Smith, who is in charge of forfeitures for the Fort Wayne Police Department Narcotics Bureau. She stated that she submitted a forfeiture request to the Allen County Prosecutor's office that included the moped and the cash.

In his Complaint, the Plaintiff also alleges that he was "summarily evicted" from his house when he was ordered to leave and the house was boarded up. (Pf. Amd. Compl. ¶ 7.) He contends that this was in violation of his constitutional rights as well as city ordinances and laws. (*Id.* ¶ 8.) In his deposition, the Plaintiff stated that he "lost" furniture and other belongings that were in the house and does not know what happened to these items. The Defendants argued that summary judgment was appropriate on the claim regarding this property because the Plaintiff did not have evidence to tie them to the alleged disappearance of other property that may have been located at 4202 Hanna. The Defendants presented evidence that they did not take any of the items referenced by the Plaintiff, that the Plaintiff did not see the Defendants take such property,

3

that the Plaintiff never re-entered the house after the date of the search, that the Plaintiff did not speak to the landlord about his belongings, and that other tenants had since come and gone from the house.

In response to the Defendants' arguments for summary judgment regarding the seizure of his property, the Plaintiff provided the following analysis:

> Plaintiff contends that Defendants['] seizure of his property was unconstitutional. The warrant did not permit the officers to take Lavonte's disability payments that he receives under Social Security Disability, nor did the warrant allow the taking of other property. Plaintiff contends that there were no drugs. Defendants maintain otherwise, but curiously, no criminal charges were ever filed. Furthermore, no forfeiture proceedings have been filed to date. Plaintiff was never put on notice as to the taking of his property, nor has he ever been put on notice of a post-seizure remedy for getting his property back (his $140.00 was returned).

(DE 38, Pl.'s Resp. 13.) The Plaintiff did not argue, in his response, that the Defendant officers evicted him from his home or condemned the home, nor did he provide any cases to suggest that their actions could be deemed an eviction or an act of condemnation. In fact, the only specific property he mentioned in his legal analysis was the cash. All other references were to unidentified "property."

Also in response to the Defendants' Motion for Summary Judgment, the Plaintiff conceded that the Defendants' entry into the home was pursuant to a valid warrant and he did not pursue his claim for unconstitutional search.

In its Opinion and Order, the Court noted that the warrant authorized the police to enter the house and search for and seize drugs and evidence of drug transactions, including money, firearms, and financial records. The Court reasoned:

> The Plaintiff provides a one-paragraph response to the Defendants' Motion for Summary Judgment on the seizure claim. In it, the Plaintiff contends

4

> that the seizure of his property was unconstitutional. He does not identify the particular constitutional provision that was violated or a particular Defendant that committed the offense. He admits that the $142 that was seized from his person was returned.
>
> It is undisputed that the warrant allowed for the seizure of evidence of narcotics and the trafficking of narcotics, including currency, and that the money was returned. It is also not in dispute that Seiss and Hartup seized only cash, a moped, crack cocaine, marijuana, cell phones, and pieces of mail. A forfeiture request for the moped and the cash has been submitted to the Allen County Prosecutor's Office to offset the costs of the narcotics investigation. The moped is being stored until disposition of the forfeiture request.
>
> The Plaintiff does not articulate a violation of his constitutional rights regarding the seizure of the cash or the moped. The Plaintiff's testimony that he lost his furniture and clothing and does not know what happened to it is not sufficient to create a triable issue that the Defendants took this property from his house or were responsible for assuring that he recovered it from the house. The Plaintiff is only speculating that the Defendants are somehow responsible for what happened to his property. Such speculation is not an adequate defense to a summary judgment motion. *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 337 (7th Cir. 1991); *Zayre Corp. v. S.M & R. Co.*, 882 F.2d 1145, 1152 (7th Cir. 1989) ("An invitation to speculate does not create a genuine factual issue."). On the record before it, the Court finds that summary judgment on the unconstitutional seizure claim is appropriate.

(DE 66 at 22–23.)

### B.     Manifest Error of Fact or Law

In his response to the Defendants' Motion for Summary Judgment, the Plaintiff did not specify the specific constitutional right that he was invoking and claimed only that the "seizure of his property was unconstitutional." (DE 38 at 13.) The Plaintiff maintains in his Motion for Reconsideration that the Defendants' seizure of his property violated his Fourteenth Amendment due process rights. Procedural due process requires a two-step analysis. First, the court considers whether the plaintiff was deprived of a constitutionally protected interest in life, liberty, or property. If he was, it then determines what process he was due with respect to that deprivation.

5

*Porter v. DiBlasio*, 93 F.3d 301, 305 (7th Cir. 1996). The seizure of a person's property also implicates the protections of the Fourth Amendment, which applies to the states through the Fourteenth Amendment's due process clause. *Soldal v. Cook County, Ill.*, 506 U.S. 56, 62 (1992) (holding that seizure under Fourth Amendment occurs "when there is some meaningful interference with an individual's possessory interests in that property"). The ultimate question is not which Amendment controls the seizure of the Plaintiff's property, but whether either is violated. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 50 (1993). However, the Court does note that the Seventh Circuit has rejected the notion of a "continuing seizure" under the Fourth Amendment, and such a claim could only proceed under a due process theory. *See Lee v. City of Chi.*, 330 F.3d 456, 460–63 (7th Cir. 2003).

Going forward with its analysis of the challenged seizures, the Court is mindful that the Defendants are the police officers who executed the search warrant on the house at 4202 Hanna.[1]

**1.**   *Cash*

The record on summary judgment was that a search warrant authorized the police to seize property that constituted evidence of drug transactions and the possession of controlled substances, including currency. Defendant Seiss believed that the $142 found in the Plaintiff's pocket constituted proceeds from drug sales. The Plaintiff's own deposition testimony was that the officer was seizing the cash because she thought it was drug money. The money fell within

---

[1] The Defendant City of Fort Wayne is named only "in its representative capacity as the employer of the individually named Officers" under the theory that it is "liable for the tortious acts of these officers, under the doctrine of *respondeat superior*." (DE 13, Amd. Compl., ¶ 3.) The only tort identified in the Amended Complaint is battery. (DE 13, Amd. Compl., ¶ 11.) Therefore, as to the unlawful seizure claim, the City of Fort Wayne is not a Defendant.

the scope of the warrant, which the Plaintiff did not challlenge, and it was not manifest error for the Court to conclude that the seizure of the money did not violate the Plaintiff's constitutional rights.

**2.     *Moped***

As to the moped found sitting in the living room, it is not disputed that the occupants of the house, upon questioning about the moped, remained silent about who owned it. This, combined with the Plaintiff's failure to specifically mention the moped (as distinguishable from other "property"), and his failure to point to a specific constitutional violation or to cite to a single case, led the Court to conclude that the Plaintiff did not present facts upon which a jury could find that the seizure of the moped violated the Plaintiff's constitutional rights.

The Court, upon reexamination of this issue, finds that it was a manifest error of law to grant summary judgment to the Defendants who were responsible for seizing the moped. The Defendants, in response to the Plaintiff's submission of additional authority, submits that the moped was seized "not because it was evidence of narcotics sales, but because none of the occupants of the residence at 4202 S. Hanna Street ever claimed ownership of the moped found sitting in the middle of the living room." (DE 71 at 4.) Indeed, it most likely would have been a stretch of the warrant's scope, even under the interpretation police are allowed, *see Hassel v. O'Hearn*, 977 F.2d 299, 302 (7th Cir. 1992) (stating that officer executing a warrant are not required to interpret it narrowly), to consider the moped evidence of drug transactions—even if no one in the house seemed to know anything about it. Detective Seiss herself says only that the moped was seized because no one claimed ownership of it, without elaborating on how this

7

supported her decision to seize the moped. The Defendants do not claim that the moped was within the scope of the search warrant, and the Court was mistaken to grant summary judgment for the Defendants on the basis of the warrant. The Court must look to some other basis for the seizure.

The Defendants provide no actual rule or authority that make their seizure of the moped lawful apart from the warrant. For example, they do not contend that the incriminating nature of the moped was immediately apparent. *See Coolidge v. New Hampshire*, 413 U.S. 443 (1971) (setting forth the criteria that generally guide plain view seizures); *Perry v. Sheham*, 222 F.3d 309, 316 (7th Cir. 2000) (holding that seizure of firearms did not meet plain view exception because officers did not have probable cause to believe that items were linked to criminal activity). And no exception to the warrant requirement is apparent from the facts of this case.

Given the Defendants' sparse explanation for the seizure, and the presumption against warrantless seizures, the Court finds that the Defendants have not established, as a matter of law, that the seizure of the moped did not unlawfully deprive the Plaintiff of dominion over his property in violation of the Fourth Amendment.[2]  Therefore, the Plaintiff may proceed with his unlawful seizure claim against Detective Seiss, who ordered the moped seized, Detective Furge, who prepared the tow and inventory sheet for the moped, and Detective Hartup, who was responsible for collecting evidence at the house.

---

[2] The Defendants challenge the Plaintiff's standing to sue for the seizure of the moped because the evidence establishes that the moped belonged to Sybrena Cooper, the Plaintiff's mother. However, the evidence also establishes that Mrs. Cooper purchased the moped for her son, gave it to him, and intended him to have it. The fact that the official papers regarding ownership are not in the Plaintiff's name does not establish, as a matter of law, that he did not have a possessory interest in the moped, particularly given the fact that the Plaintiff's mother routinely manages his affairs due to his mild mental disability. (*See* DE 44; Opinion and Order granting motion for appointment of *guardian ad litem*.)

However, this is where the Plaintiff's claim against the Defendants for the seizure of the moped ends, either under the Fourth Amendment or the due process clause of the Fourteenth Amendment. The Plaintiff did not present evidence that any of the Defendants can be held liable for what happened to the moped after the initial seizure. At the time of the motion for summary judgment, the moped was stored by the City and became the subject of a forfeiture request by the Fort Wayne Narcotics Bureau. The Allen County Prosecutor had not followed up on the forfeiture proceedings. There is no evidence that any of the individual Defendants had any role in requesting or filing forfeiture proceedings or were personally keeping the moped or directing what happened to it. Regardless of the constitutional theory that might apply to continued retention of property, the Defendants cannot be held liable under § 1983 because they were not personally involved. *Hildebrandt v. Ill. Dept. of Nat'l Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (stating that liability under § 1983 is predicated on fault and "does not attach unless the individual defendant caused or participated in a constitutional deprivation" (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)).

**3.     *Other Property Left in the House***

The Plaintiff's claim that the Defendants unlawfully deprived him of his clothes, furniture, and electronics that were left in the house is a nonstarter. The Plaintiff, in response to the Defendants' Motion for Summary Judgment, did not specifically analyze his claims that the Defendants deprived him of this property and, moreover, did not present evidence from which a reasonable jury could find that the Defendants deprived him of his possessory interest in the property. In his Motion for Reconsideration, the Plaintiff appears to acknowledge that the

evidence would not support a claim that the Defendants physically removed the property from the residence, so he claims that the "Defendants engaged in an extra-judicial eviction of the Plaintiff," and "constructively dispossessed" him of the belongings in his home. (Mot. Recons., DE 66 at 2.) He, for the first time, presents legal analysis in support of this assertion.

If the Plaintiff intended to assert a claim regarding "extra-judicial" eviction from the house, it was his responsibility to inform the Court. *See Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 360 (7th Cir. 1987) ("[A] trial judge may properly depend upon counsel to apprise him of the issues for decision. He is not obligated to conduct a search for other issues which may lurk in the pleadings." (quoting *Desert Palace v. Salisbury*, 401 F.2d 320, 324 (7th Cir. 1968)). Although the Plaintiff did allege in his Complaint that he was "summarily evicted," a plaintiff cannot rely on his pleadings at the summary judgment stage. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986) (stating that a party opposing a motion for summary judgment may not rest on the allegations in his pleadings, but must come forward with evidence of a genuine factual dispute). Yet, in response to the Defendants' argument in support of summary judgment that the individual officers did not take any of the property from inside the house, other than that listed as evidence of drug sales and the moped, and were not responsible for the property in the rental house, the Plaintiff did not make any mention of eviction or condemnation in the analysis of his property claims. The Plaintiff, as the party opposing summary judgment and the party with the ultimate burden of proof, bore the burden of coming forward with properly supported arguments or evidence to show the existence of a genuine issue of material fact. *Treadwell v. Office of Ill. Sec'y of State*, 455 F.3d 778, 781 (7th Cir. 2006). This, he did not do, and he cannot point to any manifest error in fact or law warranting a reversal of summary judgment for the Defendants on

his claim that they seized the property that was left in his house.

Even if the Plaintiff had initially argued his claim as he does now, the Defendants would have still been entitled to summary judgment. Simply invoking the phrase "extra-judicial eviction" does not create a genuine issue of fact as to whether the Defendant police officers actually engaged in any activity that could be considered an eviction. *Cf. Faltford v. City of Monroe*, 17 F.3d 162, 165 (6th Cir. 1994) (after finding building code violations and consulting with the city attorney, the Director of Building and Safety posted condemnation signs at all entrances and ordered an emergency evacuation of the building, making it unlawful for any person to occupy or reside in the building). To survive summary judgment, the record must contain enough evidence that a jury could reasonably reach such a conclusion. It does not.

To support his claim that he was evicted, the Plaintiff relies on the fact that, on the date of the search, unidentified officers forced him to walk down the street away from the house and told him not to look back. He claims that the house was then "boarded up." The Plaintiff does not explain what he means by boarded up or how this prevented him from going back to the house. The only evidence that the house was boarded is that officers called a "board-up crew" to the house on the day of the search to board the rear entry because it was damaged by the Emergency Services Team when its members entered the house. There is no evidence that anything other than the one entrance was boarded or that any signs were posted at the house warning against, or prohibiting, entry or occupancy.

There is also no evidence in the record concerning what the Defendant officers did regarding the Plaintiff's access to the house after the date of the search. The Plaintiff does not claim that he talked to the Defendants after the day of the search or tried to regain entry into the

11

house. The evidence is that the Plaintiff did not return to the rental property and did not talk to the landlord about his personal belongings, but that other tenants have occupied the house since the date of the search. The Plaintiff's mother testified that she "couldn't" go back inside the house, but does not indicate who prevented her from doing so or how. This vague testimony does not support a claim that the Defendant officers caused or participated in a constitutional deprivation by evicting the Plaintiff from the home that his mother rented for him.

### C.      Motion for Return of Property

The Plaintiff does not cite any specific rule in support of his motion for return of property. The Defendants' counsel states that the discussion is moot because the property at issue was sold by the entity that was storing it, Kelley Wrecker Service.

The Court reiterates that it has already determined that none of the named Defendants are responsible for the continued retention of the moped. Thus, even if the Plaintiff is correct that the City of Fort Wayne does not have any further governmental interest in the moped, *see Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003), no reasonable jury could find that the individual Defendants caused the City to keep the moped without instituting forfeiture proceedings or are otherwise responsible for its disposition.

The Court cannot grant the Plaintiff's Motion for Return of Property.

### CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Reconsideration [DE 66] is GRANTED in PART and DENIED in PART, and the Motion for Return of Property [DE 67] is

DENIED. The Plaintiff may proceed with his previously dismissed § 1983 claim for unlawful seizure of his moped as against Defendants Seiss, Hartup, and Furge.

SO ORDERED on October 30, 2007.

<u>s/ Theresa L. Springmann</u>
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT